IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| vs. | * CRIMINAL NO. 3:14-cr-073-MJG-JRK |
| MITCHELL HOLLAND<br>WARREN ROSENFELD<br>RONDELL SCOTT HEDRICK | *<br><br>* |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

<u>STATEMENT REGARDING GUIDELINES DETERMINATION</u>

The Court has conducted a hearing, including the taking of evidence and the arguments of counsel, regarding the determination of the Offense Level for each Defendant.

A.  <u>Base Offense Level</u>

All Defendants have a base offense level 7.

B. <u>Loss Amount</u>

   1. <u>Defendants Rosenfeld and Holland</u>

      a. <u>Fully Included</u>

| | |
|---|---|
| GYS | 625,500 |
| DJ | 750,000 |
| JN | 375,000 |
| BW | 300,000 |
| JS | 400,000 |
| AURORA | 450,000 |
| TOTAL | 2,900,500 |

      b. <u>Partially Included</u>

The loss for Guidelines purposes to Promotora Inmobiliaria is no less than $664,577, constituting what was received by Rosenfeld and Holland. Obviously, the total loss would be somewhat more, but the Court does not find proven, by a preponderance of the evidence, that it would be as much as the $5,507,478 presented in the PSR due to the substantial doubt as to the multi-million dollar loss to Promotora. The Court notes that, in view of the current Guidelines loss table, the Promotora loss would have to be $4,099,500 to reach the $7,000,000 threshold for a +20 level adjustment. Even with the entire $5,507,478 loss set out in the PSR, the $9,500,000 threshold for a +20 level adjustment under the soon-to-be effective new threshold would not be met. The Adjustment is +18 levels.

2. <u>Hedrick</u>

The Sentencing Guidelines loss for Hedrick is $528,289, the total of the $500,000 intended gold loss and the $28,289 passport scam.

The total of $528,289 is above the current threshold for a +14 level adjustment, but, under the new $550,000 threshold, that amount would result in a +12 level adjustment. The Court will department downward 2 levels in regard to the loss amount because of the recognition by the Sentencing Commission that the $400,000 threshold was too low, the imminence of the effective date of the new threshold, and the vastly different size of the fictitious transaction of conviction and the size of Hedrick's actual transactions. The Adjustment is +12 levels.

C. <u>Mass Marketing</u>

Hedrick's use of Craigslist required a +2 level adjustment. The Court does not find by a preponderance that the adjustment should be made to Rosenfeld or Holland. While a close call, Holland's advertising on his own interactive website was not sufficiently analogous to mass communication.

D. <u>Sophisticated Means</u>

The Court finds a +2 level adjustment appropriate for Rosenfeld and Holland.

E. <u>Role</u>

The Court does not find established by a preponderance that Rosenfeld was a manager or supervisor. His providing "technical" advice to Holland, suggesting a response to a letter and passing on - but not directing <u>vis-à-vis</u> Holland - how escrow payments were to be made did not warrant the role adjustment.

F. <u>Obstruction</u>

A +2 level adjustment for obstruction is warranted for Rosenfeld. The Court, having presided over the trial- was misled - as was the jury - to believe that Rosenfeld had testified as a Government witness. Moreover, the Court does not read the transcript to indicate that Rosenfeld was using the word "testimony" to include a meeting with counsel rather than answering questions under oath. Thus, in his answers on cross examination, Rosenfeld analogizes what he said was his prior
"testimony" in New York to his grand jury testimony

The Court does not find an obstruction adjustment warranted for Hedrick. The Court agrees with the forensic psychologist. The Government has not proven by a preponderance of the evidence that Hedrick did not believe - albeit grossly negligently - that he was able to do what he purported to be able to do.

G.  Violation of Administrative Order

On the state of the record, the Court does not find the Government to have proven that Hedrick violated an administrative order. However, even if the North Carolina order did not adequately define the prohibited conduct to fit the gold transaction in issue, it was adequate to place any reasonable person on notice that engaging in such a transaction was highly questionable. Hence, the Court shall take this circumstance in consideration in determining the sentence.

H.  CONCLUSION

The Court finds the Defendants' offense levels as follows:

|  | Rosenfeld | Holland | Hedrick |
|---|---|---|---|
| BASE | 7 | 7 | 7 |
| LOSS | 18 | 18 | 12 |
| MASS MARKET |  |  | 2 |
| SOPHISTICATED | 2 | 2 |  |
| ROLE |  |  |  |
| OBSTRUCTION | 2 |  |  |
| ADMIN. ORDER |  |  |  |
|  |  |  |  |
| TOTAL | 29 | 27 | 21 |

SO ORDERED, on Monday, August 17, 2015.

/s/
Marvin J. Garbis
United States District Judge

5