# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | CASE NUMBER: 3:14-cr-73-J-MJGJRK |
| MITCHELL HOLLAND | USM NUMBER: 75790-198 |
| | Defendant's Attorney: Paul A. Shorstein, cja |

THE DEFENDANT:

✓ was found guilty on Counts One through Nine of the Indictment after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§ 1349 and 1343 | Conspiracy to Commit Wire Fraud | February 2010 | One |
| 18 U.S.C. §§ 1343 and 2 | Wire Fraud and Aiding and Abetting Wire Fraud | November 2009 | Two |
| 18 U.S.C. §§ 1343 and 2 | Wire Fraud and Aiding and Abetting Wire Fraud | November 2009 | Three |
| 18 U.S.C. §§ 1343 and 2 | Wire Fraud and Aiding and Abetting Wire Fraud | November 2009 | Four |
| 18 U.S.C. §§ 1343 and 2 | Wire Fraud and Aiding and Abetting Wire Fraud | November 2009 | Five |
| 18 U.S.C. §§ 1343 and 2 | Wire Fraud and Aiding and Abetting Wire Fraud | December 2009 | Six |
| 18 U.S.C. §§ 1343 and 2 | Wire Fraud and Aiding and Abetting Wire Fraud | January 2010 | Seven |
| 18 U.S.C. §§ 1343 and 2 | Wire Fraud and Aiding and Abetting Wire Fraud | January 2010 | Eight |
| 18 U.S.C. §§ 1343 and 2 | Wire Fraud and Aiding and Abetting Wire Fraud | February 2010 | Nine |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, as modified by United States v. Booker, and 18 U.S.C. §§ 3551 and 3553.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: August 4, 2015

MARVIN J. GARBIS
UNITED STATES DISTRICT JUDGE

DATE: September 2, 2015

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **FORTY-EIGHT (48) MONTHS, this term consists of FORTY-EIGHT (48) MONTHS as to Counts One through Nine of the Indictment, all such terms to run concurrently.**

✓ The court makes the following recommendations to the Bureau of Prisons:

- Confinement at USP Lompoc, Santa Barbara, California, or at the closest facility to the defendant's residence.

✓ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons
   ✓ before 2 P.M. on October 5, 2015.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS, this term consists of THREE (3) YEARS as to Counts One through Nine of the Indictment, all such terms to run concurrently.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ✓ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

- ✓ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

- ✓ The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or a restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

AO 245B (Rev. 9/11) Sheet 3 – Supervised Release
Mitchell Holland
3:14-cr-73-J-MJGJRK
Page 4 of 7

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 9/11) Sheet 3 – Supervised Release
Mitchell Holland
3:14-cr-73-J-MJGJRK

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

- ✓ Defendant shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

- ✓ Defendant shall provide the probation officer access to any requested financial information.

- ✓ Defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or obligating yourself for any major purchases without approval of the probation officer.

- ✓ Defendant shall refrain from engaging in any employment related to the financial industry.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties under the schedule of payments on Sheet 7.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $900.00 | $0.00 | $3,812.077.00 |

✓ The defendant must make restitution (including community restitution) to the following payees in the amount listed below. This restitution obligation shall be payable to the Clerk, U.S. District Court, for distribution to the victims.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered |
|---|---|---|
| G.Y.S.<br>318 Oleander Street<br>Neptune Beach, FL 32266 | $625,500.00 | $625,500.00 |
| Dwight Jenkins<br>16 Seaver Street<br>Brockton, MA 02301 | $750,000.00 | $750,000.00 |
| Justin Nemec<br>13425 Annie Oakley Circle<br>Apt. 634<br>Roanoke, TX 76262 | $375,000.00 | $375,000.00 |
| Brian Winum<br>27 Brower Ave<br>Rockville Center, NY 11570 | $300,000.00 | $300,000.00 |
| Jerry Stackhouse<br>Attn: Drew James<br>1450 Raleigh Road, Suite 300<br>Chapel Hill, NC 27517 | $400,000.00 | $400,000.00 |
| Gary Snisky | $247,000.00 | $247,000.00 |
| Aurora Asset Management, LLC<br>Attn: Ed Wotitzky<br>223 Taylor Street<br>Punta Gorda, FL 33950 | $450,000.00 | $450,000.00 |
| Promotora Inmobiliaria | $664,577.00 | $664,577.00 |
| **Total Amounts** | **$3,812,077.00** | **$3,812,077.00** |

✓ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
    ✓ the interest requirement is waived for the restitution.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

The Special Assessment in the amount of **$900.00** is to be paid in full within thirty (30) days of the sentencing date.

Upon release from custody, the defendant shall begin making payments of $5.00 per month and this payment schedule shall continue until such time as the Court may revise the schedule based upon the defendant's financial circumstances.

The payment of criminal monetary penalties shall not be due during the period of imprisonment. All criminal monetary penalties shall be made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

✓   The defendant shall pay restitution in the total amount of $3,812,077.00, Jointly and Severally:

With Co-Defendant Warren Rosenfeld (2) in Case No. 3:14-cr-73-J-MJG-JRK

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.