**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.  Case No. 3:14-cr-73-J-34JRK

MITCHELL HOLLAND

## O R D E R

**THIS CAUSE** came before the Court on November 13, 2019, for a hearing on Defendant's Motion to Allow Defendant to Appear at Hearing Telephonically (Dkt. No. 540; Motion to Appear Telephonically), filed on November 4, 2019.

In the Judgment entered on September 2, 2015, Defendant was ordered to make restitution payments in the amount of $5.00 per month upon his release from custody. See Judgment (Dkt. No. 261). Defendant voluntarily increased his payments to $50.00 per month. See Defendant's Motion to Modify Conditions of Supervised Release (Dkt. No. 525; Motion to Modify), filed on August 12, 2019. According to Defendant, the United States Probation Officer assigned to supervise him in the Southern District of California informed Defendant that his payments would be increasing to $200.00 per month, and that if he did not agree to the increase he would need to appear at a hearing in the Middle District of Florida to address the issue. See id. at 2. Defendant has not consented to the increase and requests that his payments remain at $50.00 per month. See id. Additionally, he asks to be permitted to appear by telephone at any hearing on the matter of his restitution payments. See generally Motion to Appear Telephonically.

The Court scheduled a hearing on the Motion to Appear Telephonically. As discussed at the hearing, because Defendant has not agreed to increase his restitution payments, the probation office must petition the Court to adjudicate the contested modification to the terms of his supervised release. The request to increase Defendant's monthly restitution payments may well be warranted for the reasons discussed by the probation officer. However, Defendant's arguments that the increase would impose a hardship must be considered by the Court. Because at this time the Court has not ordered Defendant to increase his monthly payments to $200.00, his monthly payment currently remains at $50.00. Thus, the Court determines that the Motion to Modify is due to be denied as moot. Additionally, because the Motion to Modify is moot, a hearing on the Motion to Modify is not necessary, and the Motion to Appear Telephonically also is due to be denied as moot. As it appears the U.S. Probation Officer supervising Defendant believes a modification of Defendant's restitution payments, over Defendant's objection, is warranted, a 12D Request for Modification must be filed.[1] Until such time as any request for modification is adjudicated, Defendant must continue making his monthly $50.00 payment and is encouraged to make greater payments whenever his circumstances permit doing so.

In light of the foregoing, it is

**ORDERED:**

1. Defendant's Motion to Modify Conditions of Supervised Release (Dkt. No. 525) is **DENIED as MOOT**.

---

[1] The Court observes that the supervising probation officer, any witnesses, and the evidence relating to a potential modification are located in California. As such, a transfer of supervision to the Southern District of California may streamline a resolution of the matter. Absent a transfer, both Defendant and the probation officer will be permitted to appear telephonically at a hearing on a 12D petition if filed in this district.

2. Defendant's Motion to Allow Defendant to Appear at Hearing Telephonically (Dkt. No. 540) is **DENIED as MOOT**.

**DONE AND ORDERED** in Jacksonville, Florida this 15th day of November, 2019.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

ja

Copies to:

Counsel of Record